```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| SUBARU OF AMERICA, INC., <br><br>      Plaintiff, <br><br>  v. <br><br>DDB WORLDWIDE COMMUNICATIONS GROUP, INC., <br><br>      Defendant. | HONORABLE JOSEPH E. IRENAS <br><br> CIVIL ACTION NO. 08-6218 (JEI) <br><br> **OPINION** |

**APPEARANCES:**

Patrick J. Boyle, Esq.
Richard Kurnit, Esq.
Marisa Sarig, Esq.
FRANKFURT KURNIT KLEIN SELZ, PC
488 Madison Avenue
9th Floor
New York, NY 10022
    Counsel for Plaintiff

Daniel Kenneth Wiig, Esq.
Michael B. Roth, Esq.
MINTZ & GOLD LLP
470 Park Avenue South
10th Floor North
New York, NY 10016

Danielle Marie Bonett, Esq.
PECKAR & ABRAMSON, P.C.
70 Grand Avenue
River Edge, NJ 07661

    Counsel for Defendants

**IRENAS**, Senior District Judge:

The matter comes before the Court upon Plaintiff's motion for partial summary judgment on count one of the Complaint. (Dkt. No. 28).  For the following reasons, the Court will deny Plaintiff's motion.

I.

Subaru of America, Inc. ("Subaru") and DDB Worldwide Communications Group, Inc. ("DDB") entered into an agreement ("the Agreement") on January 1, 2005.  Under the Agreement, DDB agreed to become Subaru's advertising agency of record in the United States and provide marketing and advertising communications in marketing Subaru's automobiles in the United States.  The Agreement contained a standard integration provision and is expressly governed by New Jersey law.  Agreement, ¶7, p. 14.

Subaru agreed to pay DDB an annual estimated total compensation, based on an estimate of staffing hours, overhead and profit, using a labor-based computation method.  Exhibit B of the Agreement.  Exhibit B lays out the method of computation used to determine the compensation.  The Agreement further provides Subaru with the right to annually audit DDB's "books and records relating to third party vendor charges, and the actual staffing and hours compared to the applicable Annual Fee/Staffing Schedule. . . . This provision relating to records and audits

2

will continue to apply for one year following any termination of this Agreement."  Agreement ¶16.

Plaintiffs contend the Agreement expressly provides for reimbursement on any over- or under- payment revealed by an audit.  Defendant contends in its Third and Sixth Affirmative Defense, that Subaru is not entitled to any relief with regards to the results of an audit pursuant to the express terms of the Agreement.  Def. Answer, ¶¶ 66, 69.

This motion only seeks partial summary judgment on the first count of Plaintiff's complaint: breach of contract arising out of DDB's alleged failure to reimburse Subaru for unearned fees which had been paid in accordance with an estimated fixed fee.  Thus, Subaru has brought this motion before the Court to determine the legally correct interpretation of the contract, specifically regarding the rights stemming from the express right to audit the other parties' books.[1]

II.

"[S]ummary judgment is proper 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'"  *Celotex Corp. v.*

---

[1] Subaru also asserts claims for declaratory judgment and asks for recovery of over $2 million in damages. These claims are not at issue in the instant motion.

3

*Catrett*, 477 U.S. 317, 322 (1986) (quoting Fed. R. Civ. P. 56(c)).

In deciding a motion for summary judgment, the Court must construe the facts and inferences in a light most favorable to the non-moving party. *Pollock v. Am. Tel. & Tel. Long Lines*, 794 F.2d 860, 864 (3d Cir. 1986). A party may bring a motion for summary judgment which is dispositive of only some of the claims. Fed.R.Civ.P. 56(a),(d). A court may enter partial summary judgment if it "serves the purpose of speeding up litigation by eliminating before trial matters wherein there is no genuine issue of fact." Fed.R.Civ.P. 56, Advisory Committee Notes.[2] In other words, the granting of partial summary judgment is appropriate where the Court, in its discretion, determines it will speed up the litigation.

"It seems to be a fundamental principle of contract law that disputes involving the interpretation of unambiguous contracts

---

[2]DDB alleges Plaintiff's motion is actually a request for an advisory opinion because it is not dispositive of any specific claim. The Court's power in issuing a Rule 56(d) order extends beyond a mere recitation of disputed and undisputed facts; the Court may bar certain legal arguments and affirmative defenses if it is clear that they run counter to the governing law. 10B Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2737, at 462-463 (3d ed.). *See also* Gregoire *v. Rumsfeld*, 463 F.Supp.2d 1209 (M.D.Wash. 2006); *International Ship Repair & Marine Servs., Inc. v. St. Paul Fire & Marine Ins. Co.*, 944 F.Supp. 886 (M.D.Fla. 1996); *First Nat. City Bank v. Kline*, 439 F.Supp. 726 (D.C.N.Y. 1977). Plaintiff asks this court to make a determination on a question of law. This Court is well within its direction to adjudicate the partial summary judgment motion before it.

are resolvable as a matter of law, and are, therefore appropriate cases of summary judgment." *Tamarind Resort Associates v. Government of the Virgin Islands*, 138 F.3d 107, 110 (3d Cir. 1998). With regards to the issue of contract interpretation, "[t]he question of whether contract terms are clear or ambiguous is a legal one." *Local Union No. 1992 v. Okonite, Co.,* 189 F.3d 339, 341 (3d Cir. 1999). "In determining whether contractual language is ambiguous, courts should consider the contract language, the proffers of the parties, and the extrinsic evidence offered in support of each interpretation." *Id.* at 343. A contract is unambiguous if there is only one construction available. "[A]n interpretation which gives a reasonable, lawful and effective meaning to all the terms is preferred to an interpretation which leaves a part unreasonable, unlawful, or of no effect." *Restatement (Second) of Contracts*, § 231 (1981).

### III.

Turning to the merits of Plaintiff's motion, the Court is not convinced by Plaintiff's argument. The Agreement does not even contain the word "reimbursement". Simply because the Agreement confers a right to Subaru to audit the DDB's books does not translate into a specific right to be reimbursed in accordance with the results of an audit. Nothing in the Agreement discusses what to do once an audit has been completed.

In fact, the only operative language in the Agreement regarding computing an agency fee states it is to be done by mutual agreement.  Exhibit B.  There is simply no contextual support for Subaru's contention that the Agreement provides for an express right to reimbursement based upon an audit.

IV.

For the reasons stated above, this Court will deny Plaintiffs' motion for partial summary judgment.

March 25, 2010                          s/ Joseph E. Irenas
                                   **JOSEPH E. IRENAS, S.U.S.D.J.**